■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CHARLES LA PORTE, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered May 26, 1972, convicting defendant on his plea of guilty of burglary in the second degree. At the time appellant entered his plea of guilty he was represented by the Public Defender. He now contends that the trial court erroneously accepted his plea without first ascertaining whether it was intelligently and voluntarily made or whether there was a factual basis to support the plea. Appellant's contention is without foundation. Appellant was represented by counsel and the court fully advised him of the nature of the charge and the effects of his plea of guilty. Appellant's admission that he understood the charge and that he had committed the acts recited in the indictment establishes the factual basis sufficient to support the plea. He also stated that he understood that a plea of guilty is the same as a conviction after trial. The record indicates that the trial court, through careful and thorough inquiry, properly protected appellant's rights, and there is no indication that appellant did not knowingly and voluntarily enter his plea. (See *People v. Bressette*, 39 A D 2d 794.) Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.

■ DUANE E. DYER, Appellant, v. GREAT EASTERN INSURANCE COMPANY et al., Defendants, and HANOVER INSURANCE COMPANY, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered August 25, 1972 in Broome County, which denied plaintiff's motion for summary judgment, and granted summary judgment in favor of defendant Hanover Insurance Company against the plaintiff. In a related appeal, this court recently held that there is no statute which would require notice to a lienholder in order to effectuate a termination of automobile insurance coverage (*Dyer* v. *Great Eastern Ins. Co.*, 41 A D 2d 581). However, in that case we noted that the insurance policy did not provide for cancellation notice to the loss payee. In the present case the liability insurance policy contains a loss payee clause and specifically provides that, as to the lienholder, his interest cannot be impaired by acts or neglect of the owner or possessor of the vehicle. The insurance in this case was for liability only and not for damage to the vehicle insured. Since the notice to the lienholder required by the policy runs only to the interest of the lienholder, the insured-owner is not a beneficiary of the cancellation provisions in the loss-payee endorsement. Order affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur. [71 Misc 2d 89.]